**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LAKEITH BERNARD WILSON,

               Petitioner,

vs.                             Case No.     3:10-cv-587-J-32MCR
                                                   3:03-cr-238-J-32MCR

UNITED STATES OF AMERICA,

               Respondent.

_____

**ORDER**

      This case is before the Court on Petitioner Lakeith Bernard Wilson's Motion to Vacate,

Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1), the Government's Motion

to Dismiss, or Alternatively, Response in Opposition (Doc. 8), and Petitioner's reply (Doc.

9).[1]  Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has

determined that an evidentiary hearing is not necessary to decide the petition.

**I.**     **Background**

      On February 26, 2004, Petitioner and three other individuals were named in a fifteen-

count Second Superseding Indictment charging violations of multiple federal drug laws.

(Crim. Doc. 151.)  Specifically, Petitioner was charged with conspiracy to distribute five

kilograms or more of cocaine, fifty grams or more of cocaine base, and marijuana, in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (Count One); substantive

distribution counts, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C)

---

[1]    Citations to Wilson's criminal case file, <u>United States of America v. Don Robert Brown,</u>
<u>Jr., et al.</u>, 3:03-cr-238-J-32MCR, are denoted as "Crim. Doc. ___."  Citations to Wilson's civil
§ 2255 case file, 3:10-cv-587-J-32MCR, are denoted as "Doc. ___."

(Counts Two, Three and Five); use of a communication facility, in violation of 21 U.S.C. § 843(b) (Counts Nine, Ten, Eleven, Twelve and Thirteen); and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. §2 (Count Fourteen).  On April 26, 2004, Petitioner pleaded guilty to Count One pursuant to a written plea agreement.  (Crim. Doc. 204.)[2]  In the Presentence Investigation Report ("PSI"), Petitioner was categorized as a "career offender" under the sentencing guidelines because his criminal record contained two prior felony convictions—a 1992 conviction for second degree murder and a 2001 conviction for child abuse—which qualified as "crimes of violence."[3]  Accordingly, at his November 1, 2004 sentencing hearing, the Court calculated Petitioner's base offense level at 29,[4] criminal history category VI, yielding a Guidelines range of 151 to 188 months of imprisonment.  (Crim. Doc. 343 at 40.) Petitioner was sentenced to 151 months imprisonment, the low end of the Guidelines range.

_____

[2]    The terms of the plea agreement provided that, in exchange for Petitioner's guilty plea, the government would dismiss the remaining counts in the Second Superseding Indictment, recommend a downward adjustment of potentially three levels for Petitioner's acceptance of responsibility, and recognize any substantial assistance provided by Petitioner in the form of a downward departure motion pursuant to U.S.S.G. § 5K1.1. Id.

[3]    A defendant is a "career offender" if (1) he was "at least eighteen years old at the time [he] committed the instant offense of conviction," (2) "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense," and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "crime of violence" is defined, in pertinent part, as any offense under federal or state law punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against another or (2) involves conduct that presents a serious potential risk of physical injury to another. Id. § 4B1.2(a).

[4]    At sentencing, the Court granted the government's request for a 6-level downward departure for Petitioner's acceptance of responsibility and substantial assistance.

(Crim. Doc. 276.)  He did not file an appeal.

Petitioner filed the instant motion challenging his designation as a career offender. Specifically, Petitioner claims his prior conviction for felony child abuse is no longer a predicate "crime of violence" in light of Johnson v. United States, — U.S. —, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).  Although he did not raise this argument in any earlier proceeding, Petitioner contends his procedural default should be excused because he is actually innocent of being a career offender. (Doc. 1 at 11.)

## II.    Discussion

"Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'"  McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)).  As the Supreme Court has explained, this rule "is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Massaro v. United States, 538 U.S. 500, 504 (2003).  Here, Petitioner procedurally defaulted the claim that he was erroneously sentenced as a career offender by failing to advance this claim on direct appeal.  See McKay, 657 F.3d at 1196.

This Court thus can address the merits of Petitioner's claim only if an exception to the procedural default rule applies.  To establish an exception, a petitioner must show: (1) "cause for the default and actual prejudice resulting from the alleged constitutional violation," Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010), or (2) "a miscarriage of justice, or actual innocence."  McKay, 657 F.3d at 1196.

3

Petitioner asserts that he is "actually innocent" of his career offender sentence, and thus the second exception applies, because his predicate offense for felony child abuse no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.2.[5]  In McKay, however, the Eleventh Circuit rejected this argument under virtually identical circumstances.  The court in McKay explained:

> McKay makes the purely legal argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of factual innocence of the predicate offense. No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well. . . .
> *We thus decline to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence.*

McKay, 657 F.3d at 1199 (emphasis added); see also Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011) ("A defendant who is convicted and then has the §4B1.1 career offender enhancement . . . applied in the calculation of his sentence has not been convicted of being guilty of the enhancement.").  Petitioner does not suggest that he is actually innocent of the predicate child abuse felony.  Accordingly, Petitioner cannot satisfy the actual innocence exception to lift the procedural bar caused by his failure to raise his erroneous

---

[5]   Because Petitioner does not argue that the cause and prejudice exception applies, this Court does not address the issue.  See McKay, 657 F.3d at 1196.

4

sentencing claim on direct appeal.[6]

Accordingly it is hereby

**ORDERED:**

The United States' Motion to Dismiss (Doc. 8) is **GRANTED**.  Petitioner Lakeith Bernard Wilson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  28 U.S.C. § 2253(c)(I).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

_____

[6] In McKay, the Eleventh Circuit found that the petitioner's claim was procedurally defaulted despite the fact that, at the time his petition was filed, McKay's prior conviction for carrying a concealed weapon was no longer a "crime of violence" for purposes of U.S.S.G. § 4B1.2 under the law of the Eleventh Circuit.  McKay, 657 F.3d at 1199.  The Court thus need not determine whether Petitioner's prior conviction for felony child abuse is a "crime of violence" within the meaning of U.S.S.G. § 4B1.2.  The Court also need not reach the issue of whether Petitioner's claim is even cognizable under § 2255.  See McKay, 657 F.3d at 1195.

further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of April, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

js.
Copies:
counsel of record
pro se party