UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAKEITH BERNARD WILSON,

        Petitioner,

vs.                                       Case No.:    3:10-cv-587-J-32MCR
                                                                 3:03-cr-238-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Lakeith Bernard Wilson's "Rule 60(b) Motion for Court to Vacate Its April 24, 2012 Judgment for Procedural Defect Affecting Integrity of Habeas Proceedings and Under Rule 59(e) of Fed. R. Civ. P. for Court to Amend Its Judgment." (Doc. 12). Petitioner claims that the Court dismissed his habeas motion without considering the "miscarriage of justice" exception for a procedurally defaulted claim. (Doc. 12 at 3-5).

Petitioner filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 on July 7, 2010, in which he challenged the Court's decision to sentence him as a career offender. (Doc. 1). Specifically, Petitioner had argued that the Supreme Court's decision in <u>Johnson v. United States</u>, 559 U.S. 133 (2010), which held that a defendant's prior conviction for battery under Florida law did not categorically qualify as a "violent felony" for purposes of the Armed Career Criminal Act, invalidated this Court's use of Petitioner's prior conviction for felony child abuse as a "crime of

1

violence" when sentencing him as a career offender under U.S.S.G. § 4B1.1. Thus, Petitioner claimed that he was innocent of being a career offender. (Doc. 1 at 11).

On April 24, 2012, this Court dismissed the Petitioner's Motion to Vacate because Petitioner had failed to raise the same issue on appeal, thereby procedurally defaulting the claim for purposes of collateral review. (Doc. 10 at 3-5). In so concluding, this Court explained that Petitioner had not demonstrated grounds to overcome the procedural default. The Court's order noted:

> This Court thus can address the merits of Petitioner's claim only if an exception to the procedural default rule applies. To establish an exception, a petitioner must show: (1) cause for the default and actual prejudice resulting from the alleged constitutional violation, or (2) a miscarriage of justice, or actual innocence.

(Doc. 10 at 3) (internal citations omitted). Petitioner did not rely on the cause-and-prejudice exception, but the actual innocence exception. (Doc. 1 at 11). Petitioner, however, merely asserted his legal innocence of being a career offender because he claimed that felony child abuse no longer constituted a "crime of violence" for purposes of U.S.S.G. §4B1.1. (Doc. 1 at 3-10). Petitioner did not claim that he was factually innocent of the prior conviction for felony child abuse. Accordingly, this Court concluded that the "actual innocence" exception did not apply to excuse Petitioner's procedural default. (Doc. 10 at 4-5) (citing McKay v. United States, 657 F.3d 1190, 1199 (11th Cir. 2011)).

Petitioner's Rule 60(b) motion argues that the Court's determination of his Motion to Vacate was procedurally defective because it failed to consider the "miscarriage of justice" exception apart from the "actual innocence" exception. (Doc.

2

12 at 3-5). Petitioner's claim results from a misunderstanding of the "miscarriage of justice" exception as being separate from the "actual innocence" exception, but they are one and the same. United States v. Olano, 507 U.S. 725, 736 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent."); Sawyer v. Whitley, 505 U.S. 333, 339 (1992) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence."). Because of the identity between the "miscarriage of justice" and "actual innocence" doctrines, Petitioner is mistaken in arguing that the Court failed to consider the "miscarriage of justice" exception. In considering – and rejecting – Petitioner's actual innocence claim, the Court addressed the question of whether a "miscarriage of justice" excused Petitioner's procedural default.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's "Rule 60(b) Motion for Court to Vacate Its April 24, 2012 Judgment for Procedural Defect Affecting Integrity of Habeas Proceedings and Under Rule 59(e) of Fed. R. Civ. P. for Court to Amend Its Judgment" (Doc. 12) is **DENIED**.

2. Petitioner's Motion for Copies/ Production of Plea Agreement, Sentencing Transcript, Indictment, and Docket Sheet (Doc. 11) pursuant to 28 U.S.C. § 753(f) is **DENIED AS MOOT.**

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of August, 2014.

*[Signature]*
TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:
Pro se party

Counsel of record